**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5209**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

ROBERT LEVERN BAKER, JR.,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  W. Earl Britt, Senior District Judge.  (4:11-cr-00055-BR-1)

Submitted:  August 15, 2012    Decided:  August 23, 2012

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Steven H. Jesser, STEVEN H. JESSER, ATTORNEY AT LAW, P.C., Skokie, Illinois, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Levern Baker, Jr., appeals from his convictions for three counts of deprivation of rights under color of law. He also appeals his resulting consecutive sentences totaling twenty-seven months.[*] On appeal, counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious issues for appeal, but questioning whether Baker's Sentencing Guidelines range was appropriately calculated. In response, the Government has filed a motion to dismiss, seeking to enforce the waiver provision in the plea agreement and asserting that Baker waived the right to appeal his sentence. Although informed of his right to do so, Baker has not filed a pro se supplemental brief. We grant the motion to dismiss in part and deny in part, and we dismiss the appeal of Baker's sentence and affirm his convictions.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and

---

[*] On Counts One and Two, Baker received twelve months, and on Count Three, he received three months. Each Count carried a maximum sentence of twelve months.

citation omitted). We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

As described in the plea agreement, we conclude that Baker knowingly and intelligently waived the right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range." The language of the waiver provision is clear and unambiguous, and Baker, a police officer, was well versed in its import. At the Fed. R. Crim. P. 11 hearing, the court reviewed the plea agreement, including the waiver. Baker stated that he understood and accepted the plea agreement. Of significance, Baker does not challenge the

3

validity of the waiver provision on appeal. Accordingly, the appellate waiver is valid and enforceable. Because Baker was not sentenced in excess of the calculated Guidelines range, we grant the Government's motion to dismiss in part and dismiss the appeal of Baker's sentence. However, because the waiver did not purport to cover any challenges to Baker's convictions, we deny the motion to dismiss in part.

Neither Baker nor his counsel questions the validity of his convictions on appeal. Nonetheless, because this appeal is before this court pursuant to Anders, a review of the record for unwaived meritorious claims is required. Our review of the plea transcript reveals that the district court substantially complied with Fed. R. Crim. P. 11 and that Baker's guilty plea was knowing and voluntary. Accordingly, we find no meritorious issues for appeal.

As such, we affirm Baker's convictions. We deny counsel's motion to withdraw at this time. This court requires that counsel inform Baker in writing of his right to petition the Supreme Court of the United States for further review. If Baker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Baker. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART